1

2

3

4

5

6

7

8

9            UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

11

12

13

14

15  MICHAEL STRAIN,                          ) CV 13-01973-SH
                                             )
16                                           ) MEMORANDUM DECISION
                      Plaintiff,             ) AND ORDER
17        v.                                 )
                                             )
18  CAROLYN W. COLVIN, Commissioner,         )
    Social Security Administration,          )
19                                           )
                      Defendant.             )
20  _____ )

21

22        This matter is before the Court for review of the decision by

23  Commissioner of Social Security denying plaintiff's application for Disability

24  Insurance Benefits and for Supplemental Security Income. Pursuant to 28 U.S.C.

25  § 636(c), the parties have consented that the case may be handled by the

26  undersigned. The action arises under 42 U.S.C § 405(g), which authorizes the

27  Court to enter judgment upon the pleadings and transcript of the record before

28

                                    1

1  the Commissioner. The plaintiff and defendant have filed their pleadings and

2  their respective briefs in support of those pleadings. The plaintiff has also filed a

3  Reply Memorandum of Points and Authorities. After reviewing the mater, the

4  Court concludes that the Decision of the Commissioner should be reversed and

5  remanded.

6  I. BACKGROUND

7  On April 15, 2010, plaintiff Michael Strain filed applications for a period

8  of disability, Disability Insurance Benefits and Supplemental Security Income,

9  alleging disability commencing April 17, 2008. AR 179-190. The Commissioner

10  initially denied the claims on July 23, 2010. AR 103-107. Plaintiff filed a request

11  for a *de novo* hearing before an Administrative Law Judge ("ALJ") on November

12  30, 2010. AR 124. The ALJ, Duane Young, held an oral hearing on February 29,

13  2012. AR 48-95. On February 29, 2012 ALJ Young determined that the plaintiff

14  had the following severe impairments—(1) degenerative joint disease and

15  internal derangement of the right knee, (2) right shoulder rotator cuff tendinosis,

16  (3) history of right rotator cuff repair surgery (4) left knee patellofemoral

17  syndrome, (5) multilevel degenerative disc disease of the lumbar spine along

18  with herniated discs at the L4-L5 and L5-S1 levels, (6) mood disorder, and (7)

19  attention deficit hyperactivity disorder—but found that the plaintiff was not

20  disabled within the meaning of the Social Security Act. AR 35-43.

21  The Appeal's Council's denial of plaintiff's request on September 13,

22  2013 (AR 1-7) for a review of the hearing prompted the plaintiff to file the

23  present action in this Court.

24  Plaintiff makes two challenges to the ALJ's decision. First, plaintiff

25  alleges that the ALJ erred due to a deviation from the Dictionary of Occupational

26  Titles ("DOT") without securing any explanation from the Vocational Expert

27  ("VE"). Second, plaintiff alleges that the ALJ did not provide clear and

28

2

1  convincing reasons for finding the plaintiff's testimony not credible.

2

3                          II. DISCUSSION

4  ISSUE  NO. 1:

5       Plaintiff asserts that the ALJ deviated from the DOT without any

6  explanation, specifically relating to the sit/stand option and the overhead

7  reaching limitation. Defendant argues that that the ALJ decision was supported

8  by the VE's testimony and that there is no conflict about the sit/stand option

9  when the DOT is silent about this option and that a reasonable person would

10 conclude that overhead reaching was not required for these jobs. These physical

11 limitation determinations came from the Residual Functional Capacity (RFC)

12 that was determined by the ALJ. RFC is defined as the most a claimant can do

13 despite his or her limitations. 20 C.F.R §§ 404.154 (a), 416.945 (a). In the

14 present case, the ALJ determined that the plaintiff retained the RFC to perform

15 the full range of sedentary work, except; (1) limited to frequent pushing and

16 pulling with the left lower extremity and occasional pushing and pulling with the

17 right lower and upper extremities within the sedentary exertional weight

18 limitation; (2) capable of frequent balancing and occasional climbing of ramps

19 and stairs, kneeling, crouching and crawling; (3) can rarely stoop and must never

20 climb ladder, ropes or scaffolds; (4) restricted from any overhead reaching with

21 his right upper extremity; (5) limited to simple routine repetitive tasks and

22 requires a job that will allow him to [have a] sit/stand option at will; and (6)

23 capable of standing and/or sitting for 20 minutes at a time. AR 38-39 ¶ 5. Using

24 these limitations stated under the RFC the VE came up with three jobs based on

25 the DOT- production inspector, hand bander and tub operator. AR 43 ¶ 10; DOT

26 codes 716.687-030, 920.687-030, 239.687-014.

27

28

1    With respect to the DOT not addressing the sit/stand option, the plaintiff

2  urges the court to find that the ALJ failed to resolve a conflict between the VE's

3  testimony and the DOT.  See SSR00-4p at *2,2000 SSR Lexis 8 at *4. Contrary

4  to this argument, the VE's testimony and the DOT are not in conflict; the DOT

5  simply does not address sit/stand options. Faulkner v. Astrue, 2007 U.S District

6  LEXIS 74866, 2007 WL 2936111, at *14 (D.Del Oct. 9, 2007).  The ALJ's duty

7  to inquire about conflicts only arises when there is actually an apparent conflict

8  between the DOT and the VE's testimony. See Overman v. Astrue, 546 F.3d

9  456, 463-464 (7th Cir. 2008).  Because the DOT does not address the subject of

10  sit/stand option, it is not apparent that the testimony of the VE conflicts with the

11  DOT. Furthermore, the VE's testimony based on the sit/stand restriction does not

12  conflict with the DOT but instead provides "more specific information than is

13  contained in the DOT…" See Seay v. Astrue, No. 3:09-CV-01044, 2011 U.S.

14  Dist. Lexis 28449, 2011 WL 977499 (M.D. Tenn. Mar. 18, 2011). As a VE, Ms.

15  Porter was well qualified and has the experience and education to state the jobs

16  within the market that the plaintiff has the ability to work within. AR 42-43, 83-

17  89, 168- 169. Moreover, SSR 00-4p, 200 SSR LEXIS 8 does not limit the VE's

18  testimony solely to the DOT.  Therefore, the ALJ did not deviate from the DOT

19  by relying on the VE's testimony regarding the sit/stand option.

20    The second allegation of the plaintiff is that the ALJ limited the plaintiff to

21  no overhead reaching, which is also not discussed in the DOT. The DOT does

22  define reaching as " reaching hand(s) and arm(s) in any direction." Exhibit 1 at

23  12-6. While the DOT recognizes that reaching is required for these jobs, a

24  reasonable person would conclude, once reviewing the job descriptions, that the

25  two production jobs and the inspector job would not require frequent or constant

26  overhead reaching. This observation combined with the VE's experience and

27  knowledge of jobs provides the necessary substantial evidence to supplement the

28

1  DOT.

2      Therefore, the Court affirms that the ALJ correctly relied upon the VE's

3  DOT analysis to supplement his decision, and the sit/stand option and overhead

4  reaching were not in conflict.

5

6      ISSUE  NO. 2:

7      Plaintiff asserts that the ALJ did not provide clear and convincing reasons

8  to find plaintiff's testimony not credible, and that most of the analysis was *post*

9  *hoc* analysis to justify the conclusion. Defendant argues that the ALJ did provide

10 clear and convincing reasons. AR 35-42.  The defendant attempts to discredit the

11 testimony of the plaintiff by stating that the plaintiff claimed pain that was too

12 intense for the severity of his injuries, and denied using drugs when evidence in

13 the administrative record stated he had. The defense also argues that plaintiff's

14 testimony should be discredited because he did not seek care by a mental health

15 professional, received little treatment for his disabilities and led a normal

16 lifestyle, but these assertions are *post hoc* reasoning of the Commissioner and not

17 by the ALJ. This court only reviews the reasons stated by the ALJ. Connett v.

18 Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). Therefore, the court will only

19 discuss the two reasons given by the ALJ- severity of pain and drug usage. AR

20 38-42.

21     Defendant argues that the pain that plaintiff attributes to his injuries is not

22 substantiated by the severity of his injuries according to the finding of the ALJ.

23 Specifically, the defendant asserts that the back injuries were not severe enough

24 to result in the pain claimed by the plaintiff. Because these are subjective

25 symptoms, the plaintiff is not required to adduce proof of a medical impairment

26 that would make the claimed level of pain inevitable. As long as the plaintiff

27 offers evidence of a medical impairment that could reasonably be expected to

28

1  produce pain, the ALJ may not require the degree of pain to be corroborated by

2  objective medical evidence. Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir.

3  1991) (en banc). Moreover, the record does contain objective evidence that

4  substantiates the testimony of the plaintiff, for example, the positive straight leg

5  raise and lumber spine tightness with spasms, and the positive Laseque test. AR

6  504, 510.

7          Next, the defendant argues that the plaintiff should not be found credible

8  because of his past drug usage. The defendant specifically points to past medical

9  history that states that plaintiff has used drugs previously but at his

10  administrative hearing he denied having drug issues. Plaintiff's testimony is

11  wholly consistent because he does not currently have a drug problem. There is no

12  inconsistency because plaintiff's testimony was taken out of context. Regenitter

13  v. Comm'r of Soc. Sec. Admin, 166 F.3d 1294, 1297 (9th Cir. 1999) (it is

14  improper to mischaracterize the evidence). But even if this statement is not found

15  to be consistent, the inconsistencies in the plaintiff's testimony are minor, at best.

16  Plaintiff has admitted to using drugs in the past starting at age nine but has been

17  sober since 2005 according to his medical records evaluating his past

18  psychosocial history. A.R. 345.

19          Therefore, the Court reverses the ALJ's decision regarding the plaintiff's

20  credibility and remands for development of the record.

21  ///

22  ///

23  ///

24

25

26

27

28

6

1

## ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: June 2, 2014

_____
STEPHEN J. HILLMAN
United States Magistrate Judge